9 F.3d 111
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert F. ZURLA, Plaintiff-Appellant,
v.
Betty THOMAS, Defendant-Appellee.
 No. 92-5993.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1993.
 
 1
 Before: KENNEDY and BATCHELDER, Circuit Judges, and WILHOIT, District Judge.*
 
 ORDER
 
 2
 Robert F. Zurla, a pro se Tennessee plaintiff, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking unspecified relief, Zurla sued the public defender (Thomas) appointed to represent him in his state criminal proceedings. He alleged that Thomas did "not cooperate" enough on his defense and refused to provide him with the names of officers involved in a scuffle with Zurla. The district court dismissed Zurla's complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) in an order filed on May 26, 1992. Judgment was filed on June 18 and entered on June 22, 1992.
 
 
 4
 On appeal, Zurla continues to argue the merits of his claim. In addition, he argues that the state court incorrectly decided the facts against him. He requests the appointment of counsel in his brief.
 
 
 5
 Upon review, we affirm the district court's judgment because that court did not abuse its discretion in dismissing Zurla's complaint pursuant to Sec. 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint may be dismissed as frivolous under Sec. 1915(d) when it fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 326 (1989). Zurla's complaint lacks an arguable basis in law. Under Sec. 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the United States Constitution or laws of the United States, and (2) the deprivation was caused by a person while acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978).
 
 
 6
 Zurla's complaint fails to satisfy the second requirement. It is well-settled that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of Sec. 1983. See Polk County v. Dodson, 454 U.S. 312, 321 (1981). Therefore, Zurla's complaint lacks an arguable basis in law and the district court did not abuse its discretion in dismissing the complaint as frivolous.
 
 
 7
 Zurla did not present his argument concerning the state court's action in his criminal proceedings to the district court. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). No exceptional circumstances are present in this case.
 
 
 8
 Accordingly, we deny Zurla's request for the appointment of counsel. The district court's judgment, entered on June 22, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation